## Kim M. SCHALK

### v.

## NATIONS TITLE INSURANCE COMPANY.

### No. 95–5692.

United States District Court, E.D. Pennsylvania.

April 29, 1996.

Joseph F. Roda, Ronald C. Messmann, Roda & Nast, P.C., Lancaster, PA, for Plaintiff.

Edward J. Hayes, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for Defendant.

### MEMORANDUM

JOYNER, District Judge.

Today we address Plaintiff Kim Schalk's third motion regarding discovery owed by Defendant Nations Title Insurance Company. Plaintiff's Complaint was filed in September, 1995 and her first discovery request was served in November, 1995. By April, 1996, Plaintiff had not received any discovery from Defendant and as a result, she filed a motion to compel discovery, which we granted on February 13, 1996. When Defendant failed to comply with that Order, Plaintiff filed a motion to extend the discovery period for herself only and based that motion on Defendant's still missing discovery responses. This Court granted a general extension on February 28, 1996.

By April 11, 1996, Plaintiff had still not received any discovery and so moved this Court for the sanction of a default judgment. In response to this motion, Defendant admits that it did not comply with this Court's February 13, 1996 Order but makes no mention of the February 28, 1996 Order. Nonetheless, it contests this motion with several arguments.

First, Defendant contends that it was engaged in settlement discussions with Plaintiff during February and therefore it reasonably believed that its discovery obligations were postponed. In addition, it contends that it

had no notice that Plaintiff still wanted discovery because she did not demand any responses during their discussions. Therefore, Defendant maintains, its failure to comply with this Court's Order is excused.

■ We cannot agree, however, that court orders are automatically stayed simply because the parties commence settlement discussions. If Defendant felt that a settlement was imminent, it could have moved this Court to stay discovery in the interim. Indeed, on February 23, 1996, Defendant moved this Court for an extension of time, but only on the grounds that it had recently retained counsel and had not timely received our February 13, 1996 Order. This fact alone indicates that Defendant was aware that it had outstanding discovery obligations that were not stayed by settlement talks. In addition, Defendant's assertion that it had no notice of Plaintiff's continuing desire for its discovery responses is belied by Plaintiff's motion to extend. This document plainly indicates that Plaintiff still wanted discovery of Defendant.

■ Defendant's second argument is a 'two wrongs make a right' type argument. It contends that Plaintiff did not try to resolve this dispute in good faith and therefore her motion should be denied. We take the parties' obligations to resolve disputes without judicial intervention very seriously. We also rely heavily on a lawyer's certification to a court that a particular matter is true. That being said, we cannot excuse Defendant's past failure to comply with a court order simply because Plaintiff's lawyer may also have acted poorly.

Third, Defendant attests that it has now largely complied with Plaintiff's discovery and that Plaintiff has not been prejudiced by its delay. Because of these representations, we only order the sanctions recited in the attached Order.

An appropriate Order follows.

### ORDER

AND NOW, this 29th day of April, 1996, upon consideration of Plaintiff's Motion for Sanctions and response thereto, the Motion is hereby GRANTED in PART and DE-

NIED in PART. It is hereby ORDERED that Defendant shall immediately comply with its obligation to provide self-executing discovery and shall immediately provide full responses to Plaintiff's outstanding discovery.

Further, Plaintiff is hereby GRANTED an additional thirty days leave to take discovery, measured from the date Defendant completes its production of full responses to Plaintiff's discovery.

Finally, Defendant is hereby ORDERED to reimburse Plaintiff for the costs and attorney's fees incurred in bringing this Motion. Plaintiff shall submit an appropriate bill of costs and fees within fifteen days of the date of this Order's entry.

Any failure to comply with this Order or any future Order of this Court may result in additional sanctions.